Guzja v. Holder

BIA
A073 651 649

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand thirteen.

PRESENT:
        JOSEPH M. McLAUGHLIN,
        REENA RAGGI,
        PETER W. HALL,
            *Circuit Judges.*[*]

_____

BESNIK GUZJA,
        *Petitioner,*

        v.                                    12-106
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Andrew P. Johnson, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Jennifer Williams,

[*] The Honorable Joseph M. McLaughlin was an original member of this panel. He passed away on August 8, 2013, after having voted to deny the petition for review.

**Senior Litigation Counsel; Colette J. Winston, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Besnik Guzja, a native and citizen of Albania, seeks review of a December 13, 2011, order of the BIA denying his motion to reopen his removal proceedings. *In re Besnik Guzja*, No. A073 651 649 (B.I.A. Dec. 13, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). Here, the BIA did not abuse its discretion by denying Guzja's motion to reopen as untimely because he filed it more than ten years after his final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C).

Although the time limits on motions to reopen may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA

2

reasonably concluded that Guzja's evidence of a blood feud did not demonstrate changed conditions in Albania. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (providing that we review agency's factual findings regarding country conditions under substantial evidence standard).

In support of reopening, Guzja presented evidence of a blood feud between his family and another family. He now argues that the BIA did not consider the documents he submitted concerning that feud. The agency, however, is not required explicitly to parse all of the evidence in the record, *see id.*, and this Court presumes that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). Guzja's argument that the BIA did not consider his evidence is belied by the fact that the BIA explicitly identified the documents, thus indicating that it had considered them.

Indeed, the BIA explicitly addressed in some detail Guzja's principal piece of evidence regarding the blood feud, a declaration from his mother and nephew stating that

3

death threats were made against Guzja.  We defer to the agency's decision not to credit that unauthenticated declaration in light of the immigration judge's determination in Guzja's 1997 merits hearing that Guzja was not a credible witness.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007) (holding that BIA did not abuse its discretion in declining to credit documents submitted with motion to reopen where alien had been found not credible in underlying proceedings).

Moreover, as the BIA concluded, the blood feud did not constitute a *change* in conditions, because the feud predated Guzja's 1997 merits hearing.  *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").  We defer to that conclusion given, as the BIA noted, the evidence that the blood feud commenced in 1938 and killings or attempted killings occurred in 1993, 1994, and 1997.  *See Jian Hui Shao*, 546 F.3d at 171 ("We do not ourselves attempt to

4

resolve conflicts in record evidence, a task largely within the discretion of the agency.").[1]

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Since the BIA did not abuse its discretion in denying Guzja's motion as untimely, we do not address his arguments concerning whether the Albanian government would protect him from the blood feud and whether persecution on account of a blood feud could serve as the basis for an asylum claim because those arguments concern his *prima facie* eligibility for asylum, not the timeliness of his motion.